29484.00X5J7                         1240672                         #412

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN REYNOLDS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.:   14-cv-7995 |
| | ) | |
| HENDERSON & LYMAN, | ) | Judge Robert M. Dow, Jr. |
| DOUGLAS AREND, | ) | |
| Defendants. | ) | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants, Henderson & Lyman ("H&L") and Douglas Arend, by and through their attorney, Christina D. Harrison of Williams Montgomery & John, Ltd., respectfully reply in support of their Motion for Summary Judgment as follows:

### INTRODUCTION

Plaintiff Brian Reynolds raises no genuine issue of material fact in his Response. He has admitted that all of the material facts provided by defendants are true. The only contradictory material provided by plaintiff is an inadmissible and improper expert opinion. Thus, there should be no genuine issue of material fact that plaintiff was not defendants' client; did not enter into a contract for legal services with defendants; and never had a fiduciary relationship with defendants.

None of the arguments raised by the Response warrant denial of summary judgment. First, plaintiff's unexpressed personal belief and position as a member of certain LLCs represented by defendants are insufficient to create an attorney-client relationship between the parties. Second, as plaintiff concedes, attorneys representing an LLC in the financial services industry do not have an affirmative duty to warn members of the LLC that they are not representing them individually and that they should obtain separate counsel. Moreover, the

creation of such an affirmative duty would contradict Illinois law. Third, the facts and law establish that plaintiff is not a third-party beneficiary of the attorney-client relationship between defendants and certain LLCs. Finally, plaintiff concedes that there are no arguments in support of his breach-of-fiduciary duty claim.

As a result, defendants are entitled to summary judgment in their favor as a matter of law on plaintiff's professional negligence, contract and fiduciary claims.

## PRELIMINARY MATTERS

1.    **All of the facts in defendants' Statement of Material Facts have been admitted as true by plaintiff.**

Defendants submitted a Statement of Undisputed Facts pursuant to Local Rule 56.1(a)(3). (Dkt. #59). Plaintiff did not respond to the separately numbered facts as required by Local Rule 56.1(b)(3)(B). As a result, plaintiff has admitted all 42 facts in the Statements as true. L.R. 56.1(b)(3)(C); *Bordelon v. Chicago School Reform Bd. Of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000)(holding that unless a non-movant controverts the movant's facts in the manner prescribed by Local Rule 56.1, "all material facts set forth in the movant's statement are deemed admitted"); *Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997)(finding that a court "cannot construe a fact in favor of a non-moving party, when, as here, he has effectively admitted to such fact's truth by reason of non-compliance with Rule 12(n) [precursor to Rule 56.1]").

2.    **This Court should disregard all references to the report of plaintiff's expert, Todd Henderson.**

Plaintiff attached a report from an expert, Todd Henderson, to his Response. (Resp. at Ex. 2). The only portion of Henderson's Report referenced in the Response is Henderson's conclusory opinion that an attorney-client relationship existed between the parties that gave rise

to a duty on the part of defendants. (Resp. at 1, 8-9, 11; Ex. 2 to Resp. at 17-19). This Court should disregard all references to the Henderson Report for two reasons: (1) the Report is not admissible evidence; and (2) the cited opinion is not a proper subject for expert testimony.

First, the Henderson Report is neither dated, signed, nor sworn or subscribed to under penalty of perjury as required by 28 USC §1746. (Resp. at Ex. 2). As a result, it is not admissible evidence. *Wittmer v. Peters*, 87 F.3d 916, 917 (7th Cir. 1996)(noting that unsworn expert reports were "not, strictly speaking, admissible to support or oppose summary judgment").[1] Therefore, it should not be considered in a ruling on the Motion for Summary Judgment. *Gonzalez v. Thomas Bell Buses, Inc.*, 934 F. Supp. 2d 747, 752 (M.D.Pa. 2013)(refusing to consider an expert report in evaluating a summary-judgment motion because the report was not sworn to, attached to an affidavit or attached to a deposition).

Second, the only opinion cited in the Response is not the proper subject of expert testimony. (Resp. at 1, 8-9, 11; Ex. 2 to Resp. at 17-19). The issue raised in the Motion for Summary Judgment is whether defendants owed the plaintiff a duty arising from an attorney-client relationship. *In re Estate of Powell*, 12 N.E.3d 14, 19 (Ill. 2014)(holding that the first element of a legal malpractice action under Illinois law is whether "defendant attorneys owed the plaintiff a duty of due care arising from an attorney-client relationship"). Whether such a duty exists "is a question of law to be determined by the court." *Id.* at 19. It is improper for an expert to opine on the answer to a question of law such as whether a duty exists. *United States v. Sinclair*, 74 F.3d 757, fn. 1 (7th Cir. 1996)(holding that experts may not testify about "legal issues on which the judge will instruct the jury"). Additionally, Henderson's opinion that defendants owed plaintiff a duty is a legal conclusion on an ultimate issue that could determine

---

[1] Federal law governs admissibility of expert testimony in a diversity action. *Stutzman v. CRST Inc.*, 997 F.2d 291, 295 (7th Cir. 1993).

the outcome of the case. *Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) ("Expert testimony as to legal conclusions that will determine the outcome of a case is inadmissible."). For these reasons, the references to Henderson's Report in the Response should be disregarded by this Court. *Starke County Farm Bureau Co-op. Ass'n Inc. v. I.C.C.*, 839 F. Supp. 1329, fn. 14 (N.D. Ind. 1993)(dismissing an attempt to establish the existence of a legal duty through an expert's affidavit).

## ARGUMENT

I.    **Plaintiff fails to raise a genuine issue of fact as to the existence of an attorney-client relationship between defendants and plaintiff and, therefore, defendants are entitled to judgment as a matter of law on plaintiff's malpractice claim.**

Illinois law governs whether an attorney-client relationship giving rise to a duty exists in this case. *Sobilo v. Manassa*, 479 F. Supp. 2d 805, 813 (N.D. Ill. 2007)("Because this case is premised on diversity jurisdiction, Illinois substantive law applies."). Under Illinois law, the existence of an attorney-client relationship that gives rise to a duty of care is a question of law. *Pelham v. Griesheimer*, 440 N.E.2d 96, 98 (Ill. 1982)(holding that in a legal malpractice action whether an attorney owes a duty "is an issue of law for the determination of the court"). "The client must explicitly authorize the attorney to work on his behalf and the attorney must indicate an acceptance of that authority to work on the client's behalf in order to establish an attorney-client relationship." *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.,* 909 N.E.2d 848, 861 (Ill. App. Ct. 2009).

Citing law from only foreign jurisdictions, plaintiff argues that an attorney-client relationship giving rise to a duty did exist between the parties because (1) plaintiff believed that defendants were giving him legal advice personally; and (2) plaintiff was a member of, and thus

had an ownership interest in, the LLCs that defendants represented. (Resp. at 5-7). Neither of these facts created an attorney-client relationship between defendants and plaintiff.

First, plaintiff's personal belief alone is not enough to create an attorney-client relationship between plaintiff and defendants. *Torres v. Divis*, 494 N.E.2d 1227, 1231 (Ill. App. Ct. 1986)(finding no attorney-client relationship existed in part because there were no facts in the record indicating that the defendant attorney agreed to represent the plaintiff). In Illinois, an attorney-client relationship "is a voluntary, contractual relationship that requires the consent of both the attorney and client." *People v. Simms*, 736 N.E.2d 1092, 1117 (Ill. 2000). Here, the undisputed evidence is that defendants never consented to represent plaintiff individually and plaintiff never asked defendants to represent him individually. (Defendant's Statement of Undisputed Facts ("SOF") at ¶¶24-34, 41-42). To this day, plaintiff has never met an H&L attorney in person. (SOF at ¶33). Consequently, plaintiff's personal and unexpressed belief did not create an attorney-client relationship between plaintiff and defendants. *United States v. Keplinger*, 776 F.2d 678, 700-701 (7th Cir. (Ill.) 1985)(finding, despite evidence that the employees / managers subjectively believed that corporate counsel was representing them individually, that no attorney-client relationship existed because there was no evidence that the employees / managers sought legal advice on an individual basis from corporate counsel or manifested a belief to corporate counsel that they were being individually represented).

Second, plaintiff's membership, and thus ownership interest, in certain of the LLC entities represented by defendants did not create an attorney-client relationship between plaintiff and defendants. As discussed in the Motion for Summary Judgment (*see* Motion at 8-9), the fact that plaintiff was a member of, and thus had an ownership interest in, certain of the LLCs is of no consequence "because the attorney for corporate clients owed his duty to the corporate entity,

5

not its individual shareholders, officers or directors." *Majumdar v. Lurie*, 653 N.E.2d 915, 918 (Ill. App. Ct. 1995). The fact that plaintiff was a member of, and thus had an ownership interest in, certain of the LLCs did not create an attorney-client relationship between plaintiff and defendants. (Motion at 8-9).

Finally, plaintiff fails to mention or distinguish the *Blue Water Partners* decision, which is directly on point and discussed at length in the Motion for Summary Judgment. (Motion at 5-8). In *Blue Water Partners*, the court found that the following facts were "unequivocal evidence that no attorney-client relationship ever arose" between a corporation's counsel and one of the two shareholders in and an officer of the corporation:

(1)     officer did not retain the corporate counsel personally;

(2)     corporate counsel never indicated to the officer that he was being personally represented by the corporate counsel;

(3)     the officer never made payments to the corporate counsel; and

(4)     the officer identified the counsel as the corporation's counsel during his deposition.

*Blue Water Partners, Inc. v. Edwin, Mason, Foley & Lardner*, 975 N.E.2d 284, 295-296 (Ill. App. Ct. 2012). The same facts exist here:

(1)     Reynolds did not retain defendants as his counsel personally;

(2)     no one from H&L indicated to Reynolds that they believed that they were personally representing Reynolds;

(3)     Reynolds never personally made any payments for legal services to H&L; and

(4)     Reynolds identified H&L as counsel for certain LLCs during his deposition.

(Ex. D to SOF at 89:17-20, 91:11-19, 94:22-95:2, 95:7-15, 97:2-6). Therefore, this Court should follow *Blue Water Partners* and enter summary judgment in favor of defendant attorneys on the malpractice claim because defendants owed no duty of care to plaintiff.

**II.     There is no legal or factual basis for this Court to impose a duty on attorneys to warn third parties that they are not clients simply because the third party is a member of an LLC in the financial services industry.**

Plaintiff next argues that this Court should impose an affirmative duty on attorneys representing LLC entities in the financial services industry to inform all members of an LLC that they are not representing the members individually and that the members should retain separate counsel. (Resp. at 2, 7-9). Plaintiff provides no legal citations to support the imposition of such an affirmative duty on an attorney representing an LLC. (Resp. at 7-9). Plaintiff's sole support for creation of such an affirmative duty is a legal conclusion set out in the Henderson Report, which for the reasons outlined above, should be disregarded by the Court. Consequently, plaintiff failed to develop, and thus has waived, this argument. *United States v. Berkowitz,* 927 F.2d 1376, 1384 (7th Cir. 1991)("We have repeatedly made clear that perfunctory and undeveloped arguments that are unsupported by pertinent authority, are waived").

Moreover, the affirmative duty that plaintiff suggests that this Court create contradicts existing Illinois law. In Illinois, "an attorney can only be liable in negligence to persons to whom he or she owes a duty." *Kopka v. Kamensky & Rubenstein*, 821 N.E.2d 719, 723 (Ill. App. Ct. 2004). Illinois courts have ruled that a lawyer only owes a duty to his clients or third-party beneficiaries of an attorney-client relationship. *Pelham*, 440 N.E.2d at 98. Here, plaintiff seeks to impose an affirmative disclosure duty on an attorney absent any showing of an attorney-client relationship or status as third-party beneficiary. (Resp. at 2, 7-9). Such a duty would contradict the decisions that have limited attorney liability to clients and third-party beneficiaries. *Kopka,*

7

821 N.E.2d at 725 (rejecting a shareholder and general partner's attempt to impose a direct duty of care on a corporation's attorneys absent any showing of a direct attorney-client relationship or status as an intended third-party beneficiary).

**III.     Plaintiff fails to raise a genuine issue of material fact that he was a third-party beneficiary of the representation agreement between defendants and certain of the LLCs and, therefore, defendants are entitled to judgment as a matter of law on plaintiff's contract claim.**

Plaintiff has admitted that there is no evidence of a written or oral contract for legal services between plaintiff and defendants. (SOF at ¶¶41-42). To circumvent this admission, the Response asserts a new theory that is not pled in his Complaint. (Resp. at 10-11). Plaintiff argues for the first time that he is the intended beneficiary of the agreement to provide legal services between defendants and certain of the LLCs. According to the Response, an LLC and its members are synonymous and members are always the primary beneficiaries of legal advice to the LLC, not the entity. (Resp. at 11). A review of Illinois law and the undisputed facts extinguishes plaintiff's new legal theory.

The general rule in Illinois is that an attorney owes a duty only to his client; not to third parties. A narrow exception to this general rule has been carved out in limited circumstances. *Roppo v. Travelers Companies*, 100 F. Supp. 2d 636, 646 (N.D. Ill. 2015). An attorney may owe a duty to a non-client where "the intent of the client to benefit the non-client third party was the primary or direct purpose of the [legal] transaction or [attorney-client] relationship." *Pelham*, 440 N.E.2d at 98. In order for an attorney to owe a duty to a third party, the third party must "prove that the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party." *Kopka*, 821 N.E.2d at 723.

The undisputed facts do not support, either directly or as a matter of inference, that defendants were hired by certain of the LLC entities for the primary purpose and intent of

8

benefiting members like the plaintiff; not the LLC. (SOF at ¶¶7-8, 10-11, 14-15, 18-19, 24-27, 29-34, 41-42). Yet, such facts are "an indispensable element of plaintiff's third-party beneficiary theory." *Pelham*, 440 N.E.2d at 99. Moreover, owners, officers, directors of a corporate entity are not, solely as a function of their position or ownership interest, third-party beneficiaries of the attorney-client relationship between the entity and its counsel:

- In *Reddick v. Suits*, the officers and directors of a corporation sued the corporation's attorney, who had been retained by an officer to represent the corporation and restore its good standing. 960 N.E.2d 1182, 1190, 1193 (Ill. App. Ct. 2011). The court held that the officers and directors were not third-party beneficiaries of the representation because there was no direct and intended benefit to the officers and directors from the representation; only an incidental benefit. *Id*. In reaching it opinion, the *Reddick* Court refused to impose a duty on the corporate counsel based on the fact that the third-party officers and directors were more at risk from the attorney's negligence than the corporation. *Id*. at 1194 ("simply because the third parties, here plaintiff, were at risk for personal liability does not transform the incidental benefits of [the attorney's] representation of [the corporation] into direct and intended benefits for plaintiff"). The *Reddick* Court also rejected an argument that a duty should be imposed because the corporate counsel knew or should have known that the officers and directors would rely on him. *Id*. at 1196.

- In *Kopka*, like here, the plaintiff argued that the corporation's counsel owed the third-party plaintiff a duty because the legal services provided to the corporation directly impacted the plaintiff as he was a shareholder and general partner in the corporation who was personally liable for the corporation's obligations. *Kopka*, 821 N.E.2d at

724. The *Kopka* Court rejected this argument and found that the plaintiff was not a third-party beneficiary of the attorney-client relationship between the corporation and its counsel. *Id.*

Plaintiff's third-party beneficiary theory fails. There is no genuine issue of material fact that the primary or direct purpose of the attorney-client relationship between defendants and certain LLCs was to benefit the LLCs; not plaintiff. Therefore, defendants are entitled to judgment as a matter of law on the contract claim.

Finally, plaintiff did not address the argument in the Motion that defendants were also entitled to summary judgment on the breach-of-contract claim because it was duplicative of the legal malpractice claim. This failure is an implicit admission that the contract claim is duplicative of the malpractice claim, which is an additional ground for granting defendants summary judgment on the contract claim.

WHEREFORE, for all the reasons described above and its Motion for Summary Judgment, supporting Memorandum and Statement of Facts, Henderson & Lyman and Douglas Arend respectfully request that this Court grant their motion for summary judgment, enter judgment against Plaintiff on all pending claims, and award any other relief the Court deems appropriate.

Dated: June 14, 2016                Respectfully submitted,

                                   WILLIAMS MONTGOMERY & JOHN LTD.


                                   By:  /s/  Christina D. Harrison
                                       One of Its Attorneys
                                       Christina D. Harrison
                                       Williams Montgomery & John, Ltd.
                                       233 S. Wacker Drive, Suite 6100
                                       Chicago, IL 60606
                                       T:  (312) 443-3200
                                       F:  (312) 630-8500
                                       E-mail: cdh@willmont.com


                             *Attorneys for Defendants Henderson & Lyman and*
                                      *Douglas Arend*

#1240672